NAZZARENO AMARI, PLAINTIFF-APPELLANT, v. ARTHUR KATZ AND JOHN W. GRIGGS, TRUSTEES OF BURTON PRODUCTS, INC., DEFENDANTS-RESPONDENTS, AND JOHN BIALKO, DEFENDANT.

Submitted February 13, 1943—Decided April 29, 1943.

For the plaintiff-appellant, *A. Victor Koch* and *Peter Cohn.*

For the defendant-respondent, *Charles G. Stalter.*

The opinion of the court was delivered by

BODINE, J.   This action was brought to recover damages to person and property because of a collision between two automobiles.   The sole question for determination on this appeal is the propriety of a nonsuit granted by the learned trial judge as to the trustees in bankruptcy, who were sued with the consent of the court of their selection.

At the time of the accident the defendant Bialko, an employee of the bankrupt concern, was on his way to Garfield to bring to work one of his fellow workers who could not get his car started.   This employee had telephoned for help so that he could get to work on time.   Bialko had used his car on other occasions to bring employees to work at his immediate superior's request.   On the occasion in question, with such superior's knowledge, he had gone on his mission.   He was employed as an oiler and handyman working on trucks in the bankrupt's business.

It seems that the jury could have found that his mission, when the accident occurred, was one for his employer's benefit and within the scope of his employment even though he was using his own car.   *Blackman* v. *Atlantic City and Shore*

*Railroad,* 126 *N. J. L.* 458; *Smith* v. *Bosco,* 126 *Id.* 452; *Winkelstein* v. *Solitare,* 129 *Id.* 38.

The judgment is reversed, with costs.

*For affirmance*—CASE, DONGES, WELLS, JJ.   3.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BODINE, HEHER, PERSKIE, PORTER, DEAR, RAFFERTY, THOMPSON, JJ.   10.